AE

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

**FILED**

OCT 2 6 2005
OCT 26 2005
Judge Samuel Der-Yeghiayan
U.S. District Court

| | |
|---|---|
| ST. PAUL FIRE & MARINE INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No. 04 C 4178 ) |
| PRAIRIE TITLE SERVICES, INC., ROBERT BABCOCK, and DOUGLAS KOWALEWSKI, | ) ) ) ) |
| Defendants. | |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Plaintiff St. Paul Fire & Marine Insurance Company's ("St. Paul") motion for summary judgment, as well as Defendants Prairie Title Services, Inc.'s ("Prairie") and Douglas Kowalewski's ("Kowalewski") motions for summary judgment. For the reasons stated below, we grant St. Paul's motion for summary judgment in its entirety and deny Defendants' motion for summary judgment in its entirety.

## BACKGROUND

St. Paul issued a Real Estate Services Liability Protection insurance policy,

1

Policy No. GL00638042 ("Policy"), to Defendant Prairie, which was effective from January 15, 2003, through January 15, 2004. Prairie provides closing, escrow, and title services for residential real estate loans, among other things. On February 13, 2003, Prairie was sued by Defendant Robert Babcock ("Babcock") in Illinois state court. Babcock alleged on behalf of himself and others similarly situated that Prairie had been unjustly enriched by its "practice of collecting money for government recording fees, and keeping that money for itself when the money is not paid to a government entity." (A. Compl. Ex. B Par. 1). Additionally, on October 22, 2003, Kowalewski filed a class action complaint against Prairie in Illinois state court, alleging several counts related to Prairie's practice of "collect[ing] and retain[ing] money it should not keep." (A. Compl. Ex. C Par. 21). On December 3, 2004, Kowalewski filed an amended complaint against Prairie in Illinois state court, claiming breach of contract, common law fraud, breach of fiduciary duty, and consumer fraud, all related to Prairie's alleged wrongful collection of government recording fees in mortgage transactions. The lawsuits filed by Babcock and Kowalewski are both still pending in Illinois state court. In both cases, Prairie made a timely request to St. Paul to defend and indemnify Prairie.

On February 9, 2005, St. Paul filed an amended complaint for declaratory judgment against Prairie, Babcock, and Kowalewski in this court, seeking "a declaration that it has no duty to defend or indemnify Prairie in connection with lawsuits in which Babcock and Kowalewski seek return of fees that Prairie allegedly

charged borrowers who had used Prairie's real estate loan closing services." (A. Compl. Par. 2). More specifically, St. Paul seeks a determination in the instant action that it had no duty to defend the Babcock lawsuit (Count I), no duty to indemnify for the Babcock lawsuit (Count II), no duty to defend the Kowalewski lawsuit (Count III), and no duty to indemnify for the Kowalewski lawsuit (Count IV). Both Prairie and Kowalewski have filed counterclaims, with Kowalewski seeking a declaration that St. Paul has a duty to defend and indemnify Prairie in the suit against Kowalewski. Prairie is seeking a declaratory judgment stating that St. Paul must defend and indemnify Prairie in both lawsuits, as well as damages for an alleged breach of contract related to the Policy by St. Paul.

On June 24, 2005, St. Paul filed a motion for summary judgment on its amended complaint, and on all counterclaims. We note that, although the title of St. Paul's motion for summary judgment is that it is moving "For Summary Judgment on Counts I and III of First Amended Complaint," (P's. Mot.), St. Paul's motion addresses the issue of indemnification raised in Counts II and IV of its amended complaint, making it clear that it is actually moving for summary judgment on all counts. (P's Mot. 13). Prairie and Kowalewski were aware that St. Paul is moving for summary judgment on all counts, as seen by the fact that they also address the issue of indemnification in their responses to St. Paul's motion for summary judgment. (K. Ans. 10-12); (PT Ans. 14)(stating that "St. Paul seeks the entry of summary judgment in its favor on the issue of indemnity owed under its Policy).

3

Also on June 24, 2005, Kowalewski filed a motion for summary judgment on Kowalewski's counterclaim and Counts III and IV of St. Paul's amended complaint. On July 19, 2005, Prairie was granted leave by this court to file a motion for summary judgment in its favor, by incorporating the motion and documents filed by Kowalewski. Babcock has not filed a motion for summary judgment.

## LEGAL STANDARD

Summary judgment is appropriate when the record reveals that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). In seeking a grant of summary judgment the moving party must identify "those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986) (quoting Fed.R.Civ.P. 56(c)). This initial burden may be satisfied by presenting specific evidence on a particular issue or by pointing out "an absence of evidence to support the nonmoving party's case."*Id.* at 325. Once the movant has met this burden, the nonmoving party cannot simply rest on the allegations in the pleadings, but, "by affidavits or as otherwise provided for in [Rule 56], must set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e). A "genuine issue" in the context of a motion for summary judgment is not simply a "metaphysical doubt as to the material facts." *Matsushita*

*Elec. Indus. Col., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, a genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Insolia v. Philip Morris, Inc.*, 216 F.3d 596, 599 (7th Cir.2000). The court must consider the record as a whole, in a light most favorable to the nonmoving party, and draw all reasonable inferences that favor the nonmoving party. *Anderson*, 477 U.S. at 255; *Bay v. Cassens Transport Co.*, 212 F.3d 969, 972 (7th Cir.2000).

## DISCUSSION

Under Illinois law, "[t]he construction of an insurance policy and a determination of the rights and obligations thereunder are questions of law for the court which are appropriate subjects for disposition by way of summary judgment." *Crum and Forster Managers Corp. v. Resolution Trust Corp.*, 620 N.E.2d 1073, 1077 (Ill. 1993); *see also Roman Catholic Diocese of Springfield in Ill. v. Maryland Cas. Co.*, 139 F.3d 561, 565 (7th Cir. 1998)(stating that "Illinois law . . . treats the interpretation of an insurance policy and the respective rights and obligations of the insurer and the insured as questions of law that the court may resolve summarily"). When analyzing an insurance policy, a court must look to the intentions of the parties and consider the policy as a whole, "taking into account the type of insurance for which the parties have contracted, the risks undertaken and purchased, the

subject matter that is insured and the purposes of the entire contract." *Id.* at 1077-78. Any ambiguities in the policy must be construed against the drafter, and in favor of the insured party. *Continental Cas. Co. v. McDowell and Colantoni, Ltd.*, 668 N.E.2d 59, 62 (Ill. App. Ct. 1996). However, the court should "not search for ambiguity where there is none." *Crum*, 620 N.E.2d at 1077.

I. Duty to Defend

St. Paul is seeking a declaration that it is not required under the Policy to defend Prairie in the lawsuits brought in state court by Babcock and Kowalewski. In support of this contention, St. Paul advances a number of arguments regarding why these suits do not fall within the Policy's coverage, including that the fees in question in both cases do not constitute a "loss" that is covered by the Policy and that the lawsuits in question fall directly within the Policy's express exclusion for losses that result from fees, charges, or the misuse of funds. (P's SJ Mot. 5-10). Defendants Kowalewski and Prairie, on the other hand, are seeking summary judgment on the counterclaim and the amended complaint. Specifically, Kowalewski and Prairie argue that Kowalewski and Babcock are seeking compensatory damages and that the "fees, deposits and commissions exclusion does not apply." (D's SJ Mot. 1-10).

The Policy states that St. Paul will "pay any amounts any protected person is legally required to pay as damages for covered loss." (A. Compl. Ex. A,

Counterclaim Ex. A). The Policy goes on to define damages as "compensatory damages imposed by law." *Id.* Throughout the Policy, the Policy's language repeatedly states that it will cover "covered loss." *Id.* St. Paul argues that "restitution (or restoration) of ill-gotten gains – profits that one has received by improper means – is not an insured 'loss' under an insurance policy," and, therefore, St. Paul has no duty to defend Prairie in either lawsuit. (P's SJ Mot. 5).

According to the Illinois courts, the term loss, when used in an insurance policy, means a deprivation or the payment of an amount that a party had some right to have in the first place. *Local 705 Intern. Broth. of Teamsters Health & Welfare Fund v. Five Star Managers, L.L.C.*, 735 N.E.2d 679,683, (Ill. App. Ct. 2000). On the other hand, the repayment of a sum the party never had a right to have is not considered a "loss" because it cannot "create a deprivation any more so than any borrower can be said to suffer a deprivation from being required to repay an indebtedness." *Id.* Therefore, under Illinois law, an insurance company does not have a duty to defend for loss in cases where the plaintiff is seeking restitution of the defendant's improper gains. *Id.* The Seventh Circuit has also stated that an insured party "incurs no loss within the meaning of [an] insurance contract by being compelled to return property that it had stolen, even if a more polite word than 'stolen' is used to characterize the claim for the property's return." *Level 3 Communications, Inc. v. Federal Ins. Co.*, 272 F.3d 908, 911 (7th Cir. 2001). Requiring insurance companies to defend insured parties in such cases would be

7

"asking insurance companies to pick up the tab" for monies the insured should have never received in the first place, and thus such payments are not considered a loss for purposes of the duty to defend. *Id.* at 109.

### A. Babcock Suit

Under the theory of unjust enrichment, Babcock is simply seeking the restitution of payments that were "unjustly retained . . . from Plaintiff and the other Class members." (A. Compl. Ex. B Par. 28). A one-count complaint by the client of the insured party seeking restitution for the insured party's unjust enrichment clearly falls within the exclusion to the term "loss" that has been established by the Illinois courts and the Seventh Circuit. *Level 3 Communications, Inc.*, 272 F.3d at 911; *Local 705 Intern. Broth. of Teamsters Health & Welfare Fund*, 735 N.E.2d at 683. If, under the Babcock suit, Prairie is required by the state court to return the recording fees it allegedly improperly retained, Prairie would not be deprived of funds that it ever had a right to have. Requiring insurance companies to defend insured parties in such cases, short of a clear contract to do so, would allow a wrongdoer to retain the fruits of its wrongdoing, giving very perverse incentives. Therefore, in light of the above principle, St. Paul is entitled to summary judgment on Count I of its complaint, and is not required to defend Prairie in the lawsuit against Babcock.

### B. Kowalewski Suits

In considering St. Paul's duty to defend Prairie against Kowalewski, we must

8

consider both the initial complaint filed in the Illinois Circuit Court and Kowalewski's amended complaint, in order to determine the exact extent, if any, of St. Paul's duty to defend. In his first complaint, Kowalewski raises a number of claims against Prairie, including breach of contract, consumer fraud, and undue enrichment, all of which are related to Prairie's alleged improper retention of overnight courier fees. In the second amended complaint, Kowalewski is bringing seven claims against St. Paul related to both government recording fees and overnight processing fees, including breach of contract, common law fraud, breach of fiduciary duty for the recording fees, a violation of the Illinois Consumer Fraud and Deceptive Practices Act, unjust enrichment, negligent misrepresentation, and breach of fiduciary duty. Given that an insurance company has a duty to defend "if any claim against the insured potentially comes within the coverage of the policy," this court must determine it any of the theories of liability claimed by Kowalewski could fall within the Policy. *Housing Auth. Risk Retention Group, Inc. v. Chicago Hou. Auth.*, 378 F.3d 596, 603 (7th Cir. 2004).

1. Kowalewski's First Complaint

In his initial complaint, Kowalewski brought three counts against Prairie, consisting of breach of contract (Count I), Consumer Fraud (Count II), and Unjust Enrichment (Count III). Given the principles discussed above, St. Paul does not have a duty to defend Prairie on any of these counts. First, in Count I, Kowalewski

9

simply claims that Prairie breached its contract with Kowalewski and other members of the class by keeping the overnight courier fees for itself, rather than paying the fees out to couriers as Prairie had said it would under their contract. In bringing this claim, Kowalewski is simply seeking to disgorge the fees that Prairie improperly retained under their contract, and thus the reasoning behind *Level 3* and *Local 705* would relieve St. Paul of a duty to defend on Count I. *Level 3 Communications, Inc.*, 272 F.3d at 911; *Local 705 Intern. Broth. of Teamsters Health & Welfare Fund*, 735 N.E.2d at 683.

Second, Count II of Kowalewski's first complaint alleges consumer fraud by Prairie, claiming that Prairie "engaged in deceptive acts and practices by representing that it was collecting money to pay an Overnight Processing Fee" when Prairie knew or should have known that this was not true. (A. Compl. Ex. C Par. 31). Put otherwise, Kowalewski is seeking to have Prairie return funds that Prairie would not have received and retained without fraud. Therefore, Count II is not alleging a loss that St. Paul is required under the Policy to defend. Finally, Count III of Kowalewski's first complaint asserts that Prairie was unjustly enriched by its "retention of the class's money." For the reasons given in relation to the Babcock unjust enrichment claim, St. Paul does not have a duty to defend Count III.

2. Kowalewski's Amended Complaint

Kowalewski's amended complaint alleges seven claims against St. Paul,

which include breach of contract (Count I), common law fraud (Count II), breach of fiduciary duty (Count III), a violation of the Illinois Consumer Fraud and Deceptive Practices Act (Count IV), unjust enrichment (Count V), negligent misrepresentation (Count VI), and breach of fiduciary duty (Count VII).

In Counts I through V of the amended complaint, Kowalewski is seeking the return of government recording fees that Prairie said would be paid out to government recorders on behalf of Kowalewski and the class members, but that in reality were just kept by Prairie. Kowalewski seeks the return of these funds under five differently titled claims, including breach of contract, common law fraud, breach of fiduciary duty, a violation of the Illinois Consumer Fraud and Deceptive Practices Act, and unjust enrichment. However, the crux of each of these claims is that Prairie illegally took and retained funds that did not belong to Prairie, and now Kowalewski and the class members want their money back. Even though "a more polite word than 'stolen' is used to characterize the claim for the property's return" in this case, these claims do not include a recoverable loss. *Level 3 Communications, Inc. v. Federal Ins. Co.*, 272 F.3d 908, 911 (7th Cir. 2001). Therefore, St. Paul does not have a duty to defend Prairie on Counts I through V.

In Counts VI and VII, Kowalewski alleges negligent misrepresentation and a breach of fiduciary duty in regard to overnight processing fees collected by Prairie. Specifically, Kowalewski alleges that Prairie "collected (but did not retain) 'Overnight Processing Fee[s]' from [Kowalewski] and the other class members." (A.

11

Compl. Ex. D Par. 117). Kowalewski claims that Prairie negligently failed to reveal exactly how these overnight processing fees were being used, and that Prairie used the collected fees to pay for services that Kowalewski and the other class members were not obligated to pay. It is determined in state court that Prairie collected these fees out of negligence and actually paid the money out, St. Paul would have a duty to defend Prairie on Counts VI and VII of the amended complaint. Instead of seeking restitution of money that Prairie should not have kept, Kowalewski is seeking damages for a negligent misuse of funds by Prairie. Thus, Claims VI and VII of Kowalewski's amended suit would generally be considered recoverable losses under an insurance policy.

In the instant action, however, the Policy explicitly states that St. Paul "won't cover losses from ... [a]ny unauthorized act committed by and protected person that deprives an owner of the use of their funds [or] [a]ny unauthorized use of funds by any protected person [or] [t]he failure of any protected person to properly account for funds." (A. Compl. Ex. A 10). Kowalewski is claiming in Counts VI and VII that Prairie took the funds of Kowalewski and the other class members, told them that Prairie was going to use the funds in one way, but then used the funds to pay for something else that the class members were not required to pay. (A. Compl. Ex. D Par. 25-30). This is clearly unauthorized use of funds, which is expressly excluded from the Policy's coverage. Therefore, we find that none of the counts in Kowalewski's amended complaint allege a cause of action that St. Paul has a duty to

defend under the Policy.

## II. Duty to Indemnify

St. Paul is also seeking a declaration that it has no duty to indemnify Prairie in either the Babcock lawsuit or the Kowalewski lawsuit. There is no duty to indemnify in cases where there is no duty to defend. Therefore, because St. Paul does not have a duty to defend in the Babcock and Kowalewski lawsuits, St. Paul does not have a duty to indemnify Prairie in either lawsuit. *See Crum and Forster Managers Corp. v. Resolution Trust Corp.*, 620 N.E.2d 1073, 1081 (Ill. App. Ct. 1993)(stating that "[c]learly, where there is no duty to defend, there will be no duty to indemnify").

## III. Breach of Contract

As a final matter, Prairie is seeking summary judgment on its counterclaim, which included claims for breach of contract against St. Paul, for St. Paul's refusal to defend in the Babcock and Kowalewski lawsuits. As explained above, St. Paul did not have a duty to defend or indemnify Prairie under the Policy. Therefore, we deny the motion for summary judgment by Prairie on its breach of contract claim.

## CONCLUSION

Based on the forgoing analysis, we grant St. Paul's motion for summary

judgment in its entirety. We also deny Defendants Kowalewski's and Prairie's motions for summary judgment in their entirety.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: October 26, 2005